**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| **FUTUREGEN TECHNOLOGIES, INC.,** a Florida Corporation, | Case No. |
| **Plaintiff,** | |
| **v.** | Jury Trial Demanded |
| **SCYTHE ROBOTICS, INC.,** a Delaware Corporation, | |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.      Plaintiff, FUTUREGEN TECHNOLOGIES, INC. ("Plaintiff" or "FutureGen"), by and through its attorneys, complains of Defendant, SCYTHE ROBOTICS, INC. ("Defendant" or "Scythe"), and alleges the following:

**PARTIES**

2.      Plaintiff FutureGen Technologies, Inc. is a Florida corporation organized and existing under the laws of Florida that maintains a place of business in Boca Raton, Florida.

3.      Defendant Scythe Robotics, Inc. is a Delaware corporation organized and existing under the laws of Delaware and maintaining offices in Vero Beach, Florida and Fort Pierce, Florida, having registered as a foreign profit corporation with the State of Florida Division of Corporations.

**JURISDICTION**

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Scythe since it not only has an office in this jurisdiction but also because it has engaged in systematic and continuous business activities in this District. As described further below, Scythe has willfully committed acts of patent infringement giving rise to this action within this District.

## VENUE

7.      Venue is proper in this district under 28 U.S.C. §1400(b) because Defendant Scythe has an established place of business in this District. In addition, Defendant Scythe has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this District.

## PATENTS-IN-SUIT

### U.S. Patent No. 8,428,776

8.      Plaintiff is the assignee of all right, title and interest in United States Patent No. 8,428,776, titled "Method for establishing a desired area of confinement for an autonomous robot and autonomous robot implementing a control system for executing the same" (hereinafter "the '776 Patent"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit, including past and future damages. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '776 Patent by Defendant.

9.      The application leading to the '776 Patent was filed on June 18, 2010, and issued as a U.S. Patent on April 23, 2013.  A true and correct copy of the '776 Patent is attached hereto as **Exhibit "A"** and incorporated herein by reference.

2

**COUNT 1: DIRECT INFRINGEMENT OF THE '776 PATENT**

10.     Plaintiff incorporates the above paragraphs 1-9 herein by reference.

11.     On information and belief, Defendant Scythe has sold and continues to sell infringing products (hereinafter "the Exemplary Defendant Products") and distributes product literature, videos and website materials inducing end users and others to use its products, namely, their Scythe mowers, in the customary and intended manner that infringes the '776 Patent. *See* **Composite Exhibit "B"** (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement.

12.     **Exhibit "B"** includes a chart comparing the Exemplary '776 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '776 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '776 Patent Claims.

13.     Plaintiff therefore incorporates by reference in its allegations herein the exemplary claim charts of **Exhibit "B."**

14.     **Direct Infringement**. Defendant has been and continues to directly or indirectly infringe one or more claims of the '776 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Defendant's products identified as "Scythe mowers" in the chart incorporated as **Exhibit "B."** These products infringe at least the exemplary claims of the '776 Patent identified in **Exhibit "B"** incorporated into this Count, either literally or by the doctrine of equivalents.

15.     On information and belief, numerous devices that infringe the claims of the '776 Patent have been made, used, sold, imported, and offered for sale or lease by Defendant and/or its customers.

16. Defendant also has and continues to directly infringe, either literally or under the doctrine of equivalents, the Exemplary '776 Patent Claims, by having its employees internally test and use these Exemplary Products in at least this District.

<strong>COUNT 2: INDUCED INFRINGEMENT OF THE '776 PATENT</strong>

17. Plaintiff incorporates the above paragraphs 1-9 herein by reference.

18. Defendant has actively, knowingly, and intentionally continued to induce infringement of the '776 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers instructing use of the end-user products in a manner that infringes one or more claims of the '776 Patent.

19. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use their products in the customary and intended manner that infringes the '776 Patent. *See* **Exhibit "C"** (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

20. **Actual Knowledge of Infringement**. Defendant received notice of the '776 patent in a letter provided to Defendant in February of 2022.

21. Receiving no response, Defendant was sent a second letter, via FedEx, where it was received by Defendant on May 31, 2024.

22. Defendant opted not to respond to any notices provided by Plaintiff.

23. To date, Defendant continue to make, use, test, sell, offer for sale, lease, offer to lease, market, and/or import into the United States, products that infringe the '776 Patent.

24. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

4

**JURY DEMAND**

25.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A.     A judgment that the '776 Patent is valid and enforceable;

B.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '776 Patent;

C.     An accounting of all damages;

D.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '776 Patent, including pre- or post-judgment interest, costs, and disbursements, and enhanced damages, as justified under 35 U.S.C. § 284;

E.     That Defendant be permanently enjoined from any further activity or conduct that infringes; and

F.     If necessary, to adequately compensate Plaintiff for Defendant's infringement, a judgment finding:

i.     that this case is exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii.     that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

5

**Dated:** June 15, 2026                    Respectfully submitted,

_____
Terry M. Sanks
Florida Bar No. 0154430
Liandra Izquierdo
Florida Bar No. 1033468
Beusse Sanks, PLLC
612 E. Colonial Drive, Suite 250
Orlando, Florida 32803
407-644-8888
tsanks@firstiniplaw.com
lizquierdo@firstiniplaw.com
litigation@firstiniplaw.com

**Counsel for Plaintiff**
**FutureGen Technologies, Inc.**